

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED

APR 19 2019

U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

ROSS THACKER,

        Petitioner,

v.

WARDEN, FCI Gilmer,

        Respondent.

Civil No. 3:19-cv-00026-GMG-RWT
Crim No. 2:03-cr-20004-MPM-DGB-2

## MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

COMES Petitioner, ROSS THACKER ("Thacker"), appearing *pro se,* and in support of this memorandum would show as follows:

### I. STATEMENT OF JURISDICTION

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 2241.

### II. STATEMENT OF THE GROUND FOR REVIEW

Whether, in light of *Johnson v. United States,* 135 S.Ct. 2551 (2015); *Sessions v. Dimaya,* 138 S. Ct. 1204 (2018); and *United States v. Simms,* 914 F.3d 229, 233 (4th Cir. 2019) (en banc), Thacker's 924(c) consecutive sentences on Counts 2s and 6s of the Superseding Indictment, as defined in 18 U.S.C. § 924(c) are null and void because they are unconstitutionally vague.

### III. PRELIMINARY STATEMENT

Thacker respectfully requests that this Court be aware that *pro se* pleadings are to be **construed liberally**. See *Estelle v. Gamble*, 429 U. S. 97, 106 (1976); *United States v. Wilson,* 699 F.3d 789 (4th Cir. 2012). Inmates do not have the availability of resources such as a Court's local rules or its forms. It is essential to note that the Court has granted five (5) excess pages for this memorandum. See CvDoc. 18 in *Thacker v. Warden,* (No. 3:19-cv-00026-GMG-RWT) (NDWV).

## IV. <u>PROCEDURAL BACKGROUND</u>

On April 4, 2003, a grand jury sitting in the United States District Court for the Central District of Illinois, Urbana Division returned a Superseding Indictment charging Thacker and Semaji Warren ("Warren"), a co-defendant. Counts 1s and 5s charged Thacker with Interference with Interstate Commerce Through the Commission of Robbery, in violation of 18 U.S.C. §§ 1951 and 2. *Id.* Counts 2s and 6s charged Thacker with Carrying Firearm in Furtherance of Crime of Violence, in violation of 18 U.S.C. § 924(c).

On April 19, 2004, a jury trial commenced. See Doc. 208.[1]

On April 6, 2004, the jury returned a guilty verdict as to Counts 1s, 2s, 5s, and 6s of the Superseding Indictment. See Doc. 215.

On March 9, 2005, Thacker was sentenced to a total term of 400 months' imprisonment, 5 years Supervised Release, $2,869.17 Restitution, and a Mandatory Special Assessment Fee of $400. See Doc. 187.

On March 11, 2005, Thacker timely filed a Notice of Appeal. See Doc. 189.

On November 21, 2006, the United States Court of Appeals for the Seventh Circuit ("Seventh Circuit") affirmed Thacker's conviction. See Doc. 222.

On April 18, 2008, Thacker filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). See CvDoc. 1.

---

[1]

"Doc." refers to the Docket Report in the United States District Court for the Central District of Illinois, Urbana Division in Criminal No. 2:03-cr-20004-MPM-DGB-2, which is immediately followed by the Docket Entry Number. "CvDoc." refers to the Docket Report in the United States District Court for the Central District of Illinois, Urbana Division in Civil No. 2:08-cv-02095-MPM-DGB, which is immediately followed by the Docket Entry Number.

On October 19, 2009, the Court issued an Order denying Thacker's § 2255 Motion. See CvDocs. 14, 15.

On November 23, 2009, Thacker filed a Motion for Reconsideration re: denial of his § 2255 Motion. See CvDoc. 16.

On November 30, 2009, the Court denied Thacker's Motion for Reconsideration. See CvDoc. 17.

On November 30, 2009, Thacker filed a Notice of Appeal re: denial of his § 2255 Motion. See CvDoc. 18.

On June 1, 2010, the Seventh Circuit denied Thacker's § 2255 Motion appeal. See CvDoc. 23.

## V. <u>DISCUSSION</u>

In this case, in order to proceed, Thacker must satisfy the jurisdictional requirements of the savings clause—that is, whether 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. In analyzing Thacker's claim, this Circuit has set forth three elements that must be present for a petitioner to satisfy the savings clause:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

See *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). Thacker easily meets the above requirements because:(1) the existence of a new retroactive interpretation of statutory law in *Simms*; (2) which was issued after Thacker had a meaningful time to apply the new interpretation in his direct appeal or

3

subsequent motions; and (3) Thacker cannot satisfy the gatekeeping provisions of a second or successive § 2255 motion because the new rule is not one of constitutional law. See *United States v. Wheeler*, 886 F.3d 415, 427 (4th Cir. 2018) ((No. 18-420), *cert. denied*, March 18, 2019)[2]. In *Wheeler,* not only was it decided that there was no doubt that *Jones* was still good law in this circuit, the Court also concluded that § 2255(e) must provide an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and *Jones* is applicable to fundamental sentencing errors, as well as undermined convictions. See *Wheeler*, 886 F.3d at 428. As such, Thacker may proceed.

Thacker was convicted on Counts 1s, 2s, 5s, and 6s under 18 U.S.C. §§ 1915 and 924(c), which provides enhanced punishment for any person who discharges a firearm "during and in relation to any crime of violence" that is itself a violation of federal law. Under this statute, a "crime of violence" is defined as a felony that either: (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "use-of-force clause"); or (B) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(A) & (B). In the instant case, the charged predicate offense is federal Hobbs Act Robbery, 18 U.S.C. § 1915.

In this case, Thacker's sentence was driven by his sentencing enhancement under 18 U.S.C. § 924(c)(B). This enhancement substantially increased his sentence. See *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (en banc). In *Simms,* the Court had to determine whether the definition

---

[2]

After the *Wheeler* holding, the government petitioned the Supreme Court to review it. Typically, the Supreme Court takes government requests for certiorari very seriously, but on March 18, 2019, the Court refused the government's request. As such, *Wheeler* is final.

of "crime of violence" in § 924(c)(3)(B) satisfies the requirements of due process. In that case, the defendant pled guilty to conspiracy to commit Hobbs Act robbery and to brandishing a firearm during and in relation to a "crime of violence," but later challenged his brandishing conviction on the theory that Hobbs Act conspiracy could not be considered a "crime of violence" under 18 U.S.C. § 924(c)(3)(B). *Id.* at 232-33.

In light of *Sessions,* Hobbs Act robbery no longer qualifies as a crime of violence under either the use-of-force clause or the residual clause of § 924(c)(3). Hobbs Act robbery categorically fails to qualify as a crime of violence under the use-of-force clause because it can be committed without physical force or the threatened deployment of the same and because it can be accomplished by mere "intimidation," which does not require the intentional use or threat of use of violent physical force for two reasons. First, this Court's precedent establishes that intimidation is the threatened infliction of bodily injury, which is not equivalent to the threatened use of force. Second, precedent requires that a use or threat of use of force be intentional, but intimidation may occur even if the defendant did not intend to make a threat. And Hobbs Act robbery cannot qualify as a "crime of violence" under § 924(c)(3)'s residual clause, because, under the reasoning of *Johnson* and *Dimaya* that clause is void for vagueness under the Due Process Clause of the Fifth Amendment.

Because Hobbs Act robbery is not a qualifying "crime of violence" predicate, the factual basis of the conviction admits to conduct that legally does not satisfy every element of the charged statute. A guilty verdict to a non-existent offense obviously affected both Thacker's substantial rights, as well as the fairness, integrity, or public reputation of the proceedings.

Finally, while *Dimaya* construed § 16(b) in the immigration context, the Court specifically explained that its holding applied to the criminal context as well: "[A]lthough this particular case

involves removal, § 16(b) is a criminal statute, with criminal sentencing consequences. [] And this Court has held (it could hardly have done otherwise) that 'we must interpret the statute consistently, whether we encounter its application in a criminal or noncriminal context.'" *Dimaya*, 138 S. Ct. at 1217 (quoting *Leocal v. Ashcroft*, 543 U.S. 1, 12 n.8 (2004)). Therefore, *Dimaya* voids § 924(c)(3)(B) as well. In light of *Dimaya*, Thacker's conviction for possessing a firearm during a crime of violence, see 18 U.S.C. § 924(c)—i.e., 18 U.S.C. § 1951–Interference with Commerce by Threat or Violence (Hobbs Act robbery), must be vacated because § 924(c)(3)(B) is unconstitutionally vague. The Fifth Amendment's proscription against depriving an individual of life, liberty, or property without due process of law supplies the rationale for the void-for-vagueness doctrine. Under it, the government may not impose sanctions "under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Welch v. United States*, 136 S. Ct. 1257, 1262 (2016)(quoting *Johnson*, 135 S. Ct. at 2556).

   The *Dimaya* Court described its holding as a "straightforward application" of the "straightforward decision" in *Johnson v. United States*, 135 S.Ct. 2551 (2015). The Court identified two features which it said had controlled the *Johnson* decision striking down the ACCA's residual clause in § 924(e)(2)(B), and which it determined applied with equal force to the similar language in § 16(b). First, both statutes require that the assessment of the risk posed focus on the "ordinary case" of an offense, rather that the particular facts of a particular case. As it had in *Johnson*, the Court stressed the problematic nature of this inquiry, especially because judges are given no guidance as to how to determine what constitutes the ordinary case. Second, both statutes contain an ill-defined risk threshold—"substantial risk" in § 16(b), and "serious potential risk" in § 924(e)(2)(B). While the Court, as it had in *Johnson*, stressed that qualitative standards may well pass

6

constitutional muster in the general course, such a standard was fatally vague where combined with the already vague ordinary case inquiry.

The *Dimaya* majority, however, was silent as to the implications of its holding for § 924(c)'s residual clause, but the logic of its analysis requires that the clause be struck down.

In determining whether an offense is a "crime of violence" under § 924(c), the Court employs the categorical approach, asking whether the minimum criminal conduct necessary for conviction under the applicable statute—as opposed to the specific underlying conduct at issue—amounts to a crime of violence as defined in subsection (A) or (B). See, e.g., *Taylor v. United States*, 495 U.S. 575, 600 (1990); see also, *Mathis v. United States*, 136 S. Ct. 2243 (2016) (outlining categorical approach as applied to prior conviction under ACCA).

Classifying crimes, especially by assessment of risk of force and violence, is built into the criminal justice system. For example, 18 U.S.C. § 924(c), which provides for enhanced penalties for the use of a firearm in connection with a crime, contains the same definition of "crime of violence" as 18 U.S.C. § 16(b). See 18 U.S.C. § 924(c)(3)(B).

Section 924(c) creates a substantive offense for possessing or using a firearm during, or in furtherance of, a "crime of violence." The statute defines "crime of violence" as an offense that either: (1) has as an element the use, attempted use, or threatened use of physical force; or (2) is a felony that, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The § 924(c) definition of "crime of violence" is copied verbatim from 18 U.S.C. § 16(b), which provides the general definition for "crime of violence" under federal law. See also, *United States v. Eshetu*, 898 F.3d 36, 37 (D.C. Cir. 2018) (same); *United States v. Salas*, 889 F.3d 681, 686 (10th Cir. 2018) (same).

In this case, Thacker's sentence for use of a weapon during a crime of violence, in violation of 18 U.S.C. § 924(c), is now unconstitutionally imposed where the factual basis of the conviction is now insufficient because the charged predicate offense of federal Hobbs Act Robbery is not categorically a crime of violence under either the use-of-force clause or the residual clause of 18 U.S.C. §924(c)(3).

At issue in this § 2255 is whether Hobbs Act robbery qualifies as a crime of violence under § 924(c), including whether the residual clause of § 924(c)(3)(B) is unconstitutionally vague under *Johnson* and *Dimaya*, Whether the factual basis of the conviction is sufficient for Thacker's § 924(c) conviction. This Court previously had held that Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)(3). See *United States v. Hill*, 832 F.3d 135 (2nd Cir. 2016). As such, as shown below, this Court should overrule *Hill* in light of *Dimaya*, where the Supreme Court struck down the residual clause in 18 U.S.C. § 16(b) as unconstitutionally vague.

Likewise, the Tenth Circuit decided *United States v. O'Connor*, 874 F.3d 1147 (10th Cir., 2017). In *O'Connor*, the defendant pled guilty to violating 18 U.S.C. § 922(g)(1), which bars felons from possessing firearms. The Government argued O'Connor's sentence should be enhanced under § 2K2.1(a)(4)(A) of the United States Sentencing Guidelines ("USSG" or "the Guidelines") because he had a prior felony conviction for robbery under the Hobbs Act, 18 U.S.C. § 1951—a "crime of violence." See USSG § 2K2.1(a)(4)(A). The district court agreed and sentenced O'Connor to 32 months in prison. On appeal, O'Connor argued that his prior conviction for Hobbs Act robbery was not a "crime of violence" under the Guidelines. The Tenth Circuit agreed and O'Connor's sentence was vacated and remanded for resentencing.

8

See also, *United States v. Davis*, 903 F.3d 483 (5th Cir. 2018). In *Davis*, on January 31, 2017, the Court issued an opinion denying Andre Levon Glover's challenge to his conviction and sentence and Maurice Lamont Davis's (Davis and Glover, collectively, "Defendants") challenge to their sentences, affirming the district court's entry of judgment from the charges under 18 U.S.C. § 1951 and 18 U.S.C. § 924(c). See *United States v. Davis* , 677 F. App'x 933, 935–36 (5th Cir. 2017) (per curiam). Defendants petitioned the Supreme Court for certiorari. Following its decision in *Sessions v. Dimaya,* 138 S.Ct. 1204 (2018), the Court remanded this case back to the Fifth Circuit "for further consideration" in light of *Dimaya*. See *Davis v. United States*, 138 S.Ct. 1979, 1980 (2018). Supplemental briefing was requested from the parties on the effect of the Court's decision. After said briefing, the Court vacated Defendants' convictions under Count Two and left the remainder of its prior opinion intact. In light of *Davis,* the Fourth Circuit stayed issuance of the mandate pending the Court's decision in *United States v. Davis*, (No. 18-431), ___ S. Ct. ___, 2019 WL 98544 (cert. granted Jan. 4, 2019). The questions presented in *Davis* is Whether the subsection-specific definition of "crime of violence" in 18 U.S.C. 924(c)(3) (B), which applies only in the limited context of a federal criminal prosecution for possessing, using, or carrying a firearm in connection with acts comprising such a crime, is unconstitutionally vague. As such, whatever the precedential value of *Simms* at this time, the Fourth Circuit has held the mandate in abeyance pending the Supreme Court decision in *Davis*. Oral argument in *Davis* is scheduled for April 17, 2019. Based on the above, Thacker's petition should be held in abeyance pending the decision in *Davis*.

## V. <u>CONCLUSION</u>

For the above and foregoing reasons, Thacker respectfully requests that the Court hold this case in abeyance until *Davis* is decided.

Respectfully submitted,

Dated: April 17, 2019.

ROSS THACKER
REG. NO. 14044-026
FCI GILMER
FEDERAL CORR. INSTITUTION
P.O. BOX 6000
GLENVILLE, WV  26351
Appearing *Pro Se*

10