IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ROSS THACKER,**

        Petitioner,

v.                              Civil Action No. 3:19-CV-26
                                          (GROH)

**WARDEN, FCI McDowell,**

        Respondent.

**REPORT AND RECOMMENDATION**

### I.    INTRODUCTION

On February 28, 2019, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1.  Petitioner is a federal inmate who is housed at FCI Gilmer who is challenging the validity of his conviction and sentence imposed in the United States District Court for the Central District of Illinois.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2.  For the reasons set forth below, the undersigned recommends that the Petition be dismissed without prejudice.

### II.    FACTUAL AND PROCEDURAL HISTORY[1]

#### A.    Conviction and Sentence

Petitioner was convicted by a jury of robbing several convenience stores in

---

[1] All CM/ECF references in facts sections II.A and II.B. refer to entries in the docket of Criminal Action No. 2:03-CR-20004, in the Central District of Illinois.

1

Champaign County, Illinois, and carrying a firearm during the robberies. U.S. v. Thacker, 206 Fed. Appx. 580 (2006). Petitioner was convicted of the following offenses: in Counts 1 and 5, 18 U.S.C.§§ 1951 and 2, for interference with commerce by threat or violence; and in Counts 2 and 6, 18 U.S.C. § 924(c) and 2, for knowingly possessing a firearm in furtherance of a crime of violence. Petitioner was sentenced to an aggregate term of 400 months[2]. ECF No. 187 at 2.

### B. Direct Appeal

Petitioner filed a notice of appeal on March 11, 2005. ECF No. 189. The Seventh Circuit Court of Appeals, in that court's docket 05-1645, affirmed Petitioner's 400-month sentence by opinion issued November 21, 2006. ECF No. 222; U.S. v. Thacker, 206 Fed.Appx. 580 (2006).

### C. Post-Conviction Relief: Motion to Vacate Under 28 U.S.C. § 2255

On April 18, 2008, Petitioner filed a motion to vacate his conviction in the Central District of Illinois, case number 2:08-CV-2095. ECF No. 1.[3] On October 19, 2009, the district court denied petitioner's motion to vacate. ECF No. 14.

Petitioner filed a notice of appeal with the Seventh Circuit, however, by order entered June 1, 2010, that court denied Petitioner's request for a certificate of appealability. ECF Nos. 18, 23.

---

[2] Petitioner was sentenced to 16 months on Counts 1 and 5, with those sentences to be served concurrently with one another, followed by 84 months on Count 6 to be served consecutively to the sentences imposed for Counts 1 and 5, followed by 300 months on Count 2, to run consecutively to the sentence imposed for Count 6.

[3] All CM/ECF references in facts section II.C. refer to entries in the docket of Civil Action No. 2:08-CV-02095, in the Central District of Illinois.

2

### D. Claims in Instant § 2241 Petition

The instant § 2241 petition filed with the Court on February 28, 2019, states a single ground for relief. Petitioner contends that the consecutive sentences for Counts 2 and 6 of the superseding indictment must be dismissed based on the holdings in Johnson v. United States, 135 S.Ct. 2551 (2015), and Sessions v. Dimaya, 138 S.Ct. 1204 (2018). ECF No. 1 at 5. For relief, Petitioner requests his conviction be vacated, that Counts 2 and 6 of the superseding indictment be dismissed and the case be remanded to the district court for further proceedings. Id. at 8.

In his memorandum supporting his petition, Petitioner asserts that he meets the Jones test for relief as to his conviction under § 2241, and the Wheeler test for relief as to his sentence under § 2241. ECF No. 20.

### III. LEGAL STANDARDS

### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

3

### B.  Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 327.

### IV.  ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a

---

[4] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015). In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[5] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

---

[5] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[6] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his <u>conviction</u> or the legality of his <u>sentence</u>.  See <u>United States v. Wheeler</u>, 886 F.3d 415, 428 (4th Cir. 2018); <u>In re Jones</u>, 226 F.3d 328, 333–34 (4th Cir. 2000).  When a petitioner is challenging the legality of his <u>conviction</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>three</u> of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his <u>sentence</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>four</u> of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;

---

[6] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

>(3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
>(4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

In the sole ground for relief articulated[7] in the petition, Petitioner claims his convictions and consecutive sentences on Counts 2 and 6 are invalid because the superseding indictment was null and void, based on the holdings of Johnson and Dimaya. ECF No. 1 at 5. In his memorandum, Petitioner also cites to United States v. Simms, 914 F.3d 229 (4th Cir. 2019), *cert. denied*, __ U.S. __ 140 S.Ct. 304, 205 L.Ed.2d 196 (2019) (reversed and remanded on definition of "crime of violence" under § 924(c)(3)(B) in context of brandishing conviction), to support his argument. However, after that case was decided, the Supreme Court invalidated the residual clause in United States v. Davis, 139 S.Ct. 2319 (2019). Moreover, the Fourth Circuit has explicitly held that "Hobbs Act robbery constitutes a crime of violence under the force clause of [§] 924(c)," *United States*

---

[7] Although he does not specifically articulate a challenge to his conviction, Petitioner states, "Thacker's 924(c) consecutive sentences on Counts 2s and 6s of the Superseding Indictment must be dismissed because it is null and void." ECF No. 1 at 5.

7

v. Mathis, 932 F.3d 242, 266 (4th Cir.), cert. denied, ––– U.S. –––, 140 S.Ct. 639, 640, 205 L.Ed.2d 401 (2019)." See United States v. McDaniel, 800 F. App'x 184, 186 (4th Cir. 2020).

Because Petitioner's direct appeal rights have expired, he may seek leave to file a § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause. But Petitioner's argument does not rely on newly discovered evidence or an applicable new rule[8] of constitutional law, and relief under 28 U.S.C. § 2255(h) is inappropriate. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause. Because Petitioner is challenging both his conviction and sentence in a § 2241, he must meet all three prongs of the Jones test to challenges his conviction, and all four prongs of the Wheeler test to challenge his sentence for this Court to have jurisdiction to hear his challenge on the merits.

In Petitioner's challenge to his conviction, § 2241 relief is unavailable. Even if Petitioner could satisfy the first and third prongs of the Jones test, he cannot meet the requirements of the second prong. The second prong of the Jones test requires that "subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." In re Jones, 226 F.3d at 333 – 34.

Petitioner cannot meet the second prong of the Jones test because the federal crimes for which he was convicted—(Counts 1 and 5) interference with commerce by threat or violence, in violation of 18 U.S.C. §§ 1951, and 2, (Counts 2 and 6) knowingly

---

[8] The one year statute of limitations period of 28 U.S.C. § 2255(f)(3) for filing a claim relying on the Supreme Court's decision in Johnson expired on June 26, 2016.

8

possess a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c), 2—remain criminal offenses[9]. Accordingly, to the extent Petitioner raises a challenge to the validity of his convictions, he fails to satisfy the § 2255(e) savings clause for the Court to hear any such challenge to his convictions on the merits.

Further, even if Petitioner meets the first prong of Wheeler, Petitioner cannot meet the second prong, which requires a showing that subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review. Petitioner cannot satisfy the second Wheeler prong because one of the cases he relies on, Johnson, had a one year statute of limitation period which lapsed on June 26, 2016[10]. Further, his reliance on Dimaya is faulty, as it has not been ruled to apply retroactively to cases on collateral review. Therefore, Petitioner fails to satisfy the § 2255(e) savings clause and this Court need not consider whether he meets the remaining prongs of Wheeler. Because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, as to his claim pursuant to Johnson or Dimaya, his challenge to his sentence may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.

In summary, Petitioner cannot satisfy the savings clause of § 2255(e) as to his conviction because he fails to meet the second prong of the Jones test, and cannot satisfy

---

[9] To the extent that Petitioner asserts that § 924(c) was held to be unconstitutional in United States v. Davis, 139 S.Ct. 2319 (2019), that holding was limited to the residual clause of the § 924(c)(3)(B), which defines a "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." However, Petitioner was convicted of violating § 924(c)(3)(A), which has not been invalidated, and which defines a "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

[10] Even if Petitioner filed his petition within the one year statute of limitations period, Johnson, is inapplicable to Petitioner, as Johnson applies to Armed Career Criminal Act, 18 U.S.C. § 924(e) offenses.

9

the savings clause as to his sentence because he fails to meet the second prong of the Wheeler test. Accordingly, this Court lacks jurisdiction to consider a challenge to his sentence under § 2241. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: September 1, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE