IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ROSS THACKER,**

    Petitioner,

v.                                                                     **CIVIL ACTION NO.: 3:19-CV-26 (GROH)**

**WARDEN, FCI McDowell,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R [ECF No. 25] on September 1, 2020. Therein, Magistrate Judge Trumble recommends that the Petitioner's § 2241 petition [ECF No. 1] be denied and dismissed without prejudice. For the reasons discussed below, the Court adopts the R&R in full.

### I. Background

On March 10, 2005, the Petitioner was convicted by a jury of robbing several convenience stores in Chaimpagn County, Illinois, and carrying a firearm during the robberies. U.S. v. Thacker, 206 F. App'x 580 (2006). In relevant part here, he was convicted of Counts 2 and 6 of the indictment for knowingly possessing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). That same day, the

United States District Court for the Central District of Illinois sentenced the Petitioner to an aggregate term of 400 months' imprisonment.  Id.

On February 28, 2019,  the Petitioner, now an inmate at FCI Gilmer, filed a pro se Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Therein, he challenges the validity of his conviction and sentence imposed in the United States District Court for the Central District of Illinois.  Specifically, he avers that the Court must dismiss his consecutive sentences for Counts 2 and 6 of the superseding indictment based on the holdings in Johnson v. United States, 576 U.S. 591 (2015), and Sessions v. Dimaya, 138 S. Ct. 1204 (U.S. 2018).

Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R, which he entered on September 1, 2020.  ECF No. 28.  Magistrate Judge Trumble found that the Court lacks the jurisdiction to consider the Petitioner's § 2241 petition because the Petitioner fails to satisfy the savings clause of § 2255(e) as to both his conviction and his sentence. Id. at 9–10.  Thus, Magistrate Judge Trumble recommended that the Court deny the Petitioner's § 2241 petition without prejudice.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of the magistrate judge's findings where objection is made.  However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  Failure to file timely objections constitutes a waiver of de novo review and

of a petitioner's right to appeal this Court's Order.  28.U.S.C..§ 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of the Petitioner being served with a copy of the same.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The R&R was mailed to the Petitioner by certified mail on September 1, 2020.  The Petitioner accepted service on September 8, 2020.  The Petitioner timely filed objections on September 18, 2020.  ECF No. 30.  Accordingly, the Court will conduct a de novo review of the specific portions of the R&R to which objections were made.

### III. Discussion

In this matter, the Petitioner seeks to challenge the validity of his conviction and sentence imposed in the United States District Court for the Central District of Illinois. Specifically, he contends that Counts 2 and 6 of the superseding indictment are invalid based on the holdings of Johnson and Dimaya.  ECF No. 1 at 5.  In support, he contends that the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (U.S. 2019), rendered § 924(c)(3)'s residual clause "void for vagueness under the Due Process Clause of the Fifth Amendment."  ECF No. 30 at 4.  For relief, the Petitioner asks the Court to dismiss Counts 2 and 6 of the superseding indictment and remand the case to the district court for further proceedings.  ECF No. 1 at 13.

Upon review, Judge Trumble first finds that the Petitioner is unable to challenge the legality of his sentence because his claim does not satisfy the § 2255(e) savings

clause. Specifically, Judge Trumble concludes that the Petitioner cannot meet the second condition under In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000), which requires that "subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." ECF No. 28 at 8. Because "the crimes for which he was convicted [knowingly possessing a firearm in furtherance of a crime of violence in violation of §§ 924(c), 2] of remain criminal offenses," the Petitioner is unable to satisfy this condition. Id. at 9. Similarly, Judge Trumble finds that the Petitioner cannot challenge the legality of his sentence because he cannot satisfy the four-part test established in Wheeler. In particular, the Petitioner fails to cite a substantive change in settled law that occurred after his direct appeal and first § 2255 motion, which was deemed to apply retroactively on collateral review and would render his sentence fundamentally defective.

In his objections, the Petitioner avers that the R&R erroneously finds that he cannot satisfy all three prongs of Jones because "[i]in light of Davis, § 924(c)(3)'s residual clause is void for vagueness under the Due Process Clause of the Fifth Amendment. . . . Thus, Thacker can satisfy all three prongs of the Jones test." ECF No. 30 at 4. However, as Judge Trumble explains in the R&R, the Supreme Court limited the holding in Davis to the residual clause of § 924(c)(3)(B), which defines a "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 139 S. Ct. at 2336. Thus, Davis does not apply to the Petitioner, who was convicted of violating § 924(c)(3)(A), which defines a "crime of violence" as a felony that "has an element the

4

use, attempted use, or threatened use of physical force against the person or property of another" and has not been invalidated. See 18 U.S.C. § 924(c)(3)(A). Thus, the Court finds that the R&R reaches the correct conclusion as to the Petitioner's challenge to his conviction, and overrules the Petitioner's objection.

The Petitioner also objects to Judge Trumble's findings regarding his challenge to his sentence. In support, the Petitioner reiterates that the holding in Davis constituted a change of settled substantive law deemed to apply retroactively on collateral review, and therefore, he can meet the second prong of Wheeler. ECF No. 30 at 4–5. However, as discussed in the R&R and above here, the ruling in Davis was limited to § 924(c)(3)(B)'s residual clause and cannot be extended to this matter. Moreover, the Fourth Circuit has explicitly held that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." United States v. Mathis, 932 F.3d 244, 266 (4th Cir. 2019). Therefore, the Petitioner's objection is overruled. Accordingly, the Petitioner is still unable to satisfy the second prong of Wheeler.

### III. Conclusion

For the aforementioned reasons, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 25] should be, and is hereby, **ORDERED ADOPTED** for the reasons more fully stated therein. Accordingly, the Petitioner's § 2241 Petition [ECF No. 1] is hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

This matter is **ORDERED STRICKEN** from the Court's active docket.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Petitioner by

certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** March 18, 2021

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE